Jiang v. Holder

BIA
Van Wyke, IJ
A078 853 855

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand fourteen.

PRESENT:
>　　DENNIS JACOBS,
>　　GERARD E. LYNCH,
>　　RAYMOND J. LOHIER, JR.,
>　　　　*Circuit Judges*.

_____

CHANG LIN JIANG,
>　　*Petitioner*,

　　　　v.　　　　　　　　　　　　　　12-3600
　　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>　　*Respondent*.

_____

FOR PETITIONER:　　　　Gary J. Yerman, New York, New York.

FOR RESPONDENT:　　　　Stuart F. Delery, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chang Lin Jiang, a native and citizen of the People's Republic of China, seeks review of an August 22, 2012, decision of the BIA, affirming the March 2, 2011, decision of Immigration Judge ("IJ") William P. Van Wyke, denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). See *In re Chang Lin Jiang*, No. A078 853 855 (B.I.A. Aug. 22, 2012), *aff'g* No. A078 853 855 (Immig. Ct. N.Y. City Mar. 2, 2011). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). In pre-REAL ID Act cases, such as this case, an adverse credibility determination must be based on "specific, cogent reasons"

that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), *superseded by the REAL ID Act as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).

Substantial evidence supports the agency's determination that Jiang was not credible with respect to his purported practice of Falun Gong. The agency found it implausible that Jiang practiced Falun Gong in public in China, where that practice is illegal, but never practiced outside in his nine years of practicing in the United States. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). The agency also relied on Jiang's inability to provide any particulars of any pro-Falun Gong events he claimed to have attended in the United States, except the one at which he was photographed. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).

Having questioned Jiang's credibility, it was reasonable for the agency to rely further on his failure to provide credible corroborating testimony to support his claim that he practices and actively supports Falun Gong in the United States. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Moreover, as the agency observed, the testimony of Jiang's witness did not independently or credibly corroborate Jiang's claim. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Accordingly, the agency's adverse credibility determination is supported by substantial evidence and provided an adequate basis for denying Jiang asylum, withholding of removal, and CAT relief insofar as those claims were based on his practice of Falun Gong. *See Shu Wen Sun*, 510 F.3d at 379; *see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

To the extent Jiang applied for CAT relief based on his purported illegal departure from China, the agency reasonably found that he failed to sustain his burden of proof. An applicant such as Jiang cannot demonstrate that he will more likely than not be tortured "based solely on the fact that []he is part of the large class of persons who have left China illegally" and on generalized evidence

4

indicating that torture occurs in Chinese prisons.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005).  Since Jiang submitted no particularized evidence regarding the likelihood that he would face torture upon repatriation to China, we find no error in the agency's denial of this claim.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, petitioner's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
